LAW OFFICES

# WIRT & WIRT

PROFESSIONAL ASSOCIATION

mail@wirtlawfirm.com       5 CALHOUN AVENUE, UNIT 306       TELEPHONE (847) 485-WIRT
www.wirtlawfirm.com       DESTIN, FLORIDA 32571       TELECOPIER (314) 431-6920

August 4, 2021

**VIA ECF:**

The Honorable John G. Koeltl
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

     Re: DiBella Entertainment, Inc. v. O'Shaquie Foster, Case No.: 21-cv-2709 (JGK)

Dear Judge Koeltl:

     We represent Plaintiff DiBella Entertainment, Inc. ("DBE") in the above-captioned proceeding. Prior to responding to Plaintiff's Motion to Dismiss (ECF 62) (the "MTD"), Defendant filed amended counterclaims (ECF 65) (the "Counterclaims"), withdrawing his fraud and declaratory relief claims and amending, *inter alia,* his claims for breach of contract, viz.:

> a. DBE failed to offer Foster an opportunity to participate in three bouts in the first Contract year;
> b. DBE failed to offer Foster an opportunity to participate in the Big Bout Guarantee on or before January 14, 2021;
> c. DBE improperly attempted to invoke the force majeure clause to extend the term of the first Contract Year, Big Bout Guarantee, and the Promotional Agreement;
> d. DBE refused to release Foster from his obligations under the Promotional Agreement after it received notice of its failure to offer Foster an opportunity to participate in and complete the Big Bout Guarantee on or before January 14, 2021;
> e. DBE failed to act as a boxing promoter, instead acting as a booking agent; and
> f. DBE breached its obligation to remain the sole and exclusive promoter of Foster in connection with Foster's professional boxing career.

*Id. ¶80.*

     Also prior to Defendant filing his response to the MTD, the Court held an evidentiary hearing on Defendant's Motion for a Preliminary Injunction ("MPI"). In denying the MPI, the Court made, *inter alia,* the following findings of fact and reached the following conclusions of law which Plaintiff submits are dispositive of the Counterclaims and entitle Plaintiff to partial summary judgment as to Foster's liability to Plaintiff for breach of contract.

As to the Court's findings of fact,[1] the Court found that:

1. "DBE . . . is a boxing promotional company."[2]
2. "DBE offered, and Foster accepted, an advance of $2,500 through Foster's manager, ShaKeith Mills."[3]
3. "In the advance agreement, Foster agreed that if 'as of December 31, 2020, Foster has still not competed in his next bout...the advance shall become due...'"[4]
4. "On July 14, 2020, DBE sent a formal notice to Foster, care of Mills, invoking the force majeure clause ["FMC"] and suspending the contract indefinitely."[5]
5. "Foster does not deny that he received actual notice of the invocation of the force majeure clause."[6]
6. "On September 18, 2020, counsel for DBE sent an email to Mills, containing an offer for Foster of a bout with Miguel Roman on November 19, 2020," and further stating that the PA was suspended from March 16, 20209 to September 16, 2020.[7]
7. "Foster accepted the bout offer."[8]
8. "After July 2020, Foster fought in a bout under the PA in November of 2020 and did not assert that the PA had been terminated until his counsel made that allegation in February 2021."[9]
9. "DiBella testified, credibly, that his business was substantially impacted as a result of Covid, leading to a substantial loss of revenue."[10]
10. "DiBella testified, credibly [that] boxing had not resumed in earnest at the time the force majeure clause was invoked."[11]
11. "In a November 2020 video interview, which was introduced at the hearing, Foster praised DiBella and all DiBella had done for him. There was no allegation of any breach of contract."[12]
12. "Foster[ posted a] glowing tweet on December 8, 2020, about his achievement of the No. 4 ranking in which he thanked Lou DiBella."[13]
13. "On February 11, 2021, counsel for Foster wrote to counsel for DBE, . . . that Foster did not consider himself bound by the PA."[14]

As to the conclusions of law, the Court held that:

1. "The force majeure clause permits DBE to 'suspend the term of th[e] PA' upon the occurrence of various contingencies, such as 'an act of God or nature...or other abnormal

---

[1] *See, Benjamin v. Traffic Exec. Ass'n E. R.R.*, 869 F.2d 107, 115 n. 11 (2d Cir. 1989) ("we note that waiver is not the only ground upon which a party may be deprived of a jury trial in a court action which gives preclusive effect to a finding made in a non-jury proceeding. Waiver was not the basis of the Supreme Court's opinion in *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). * * * *Itel Capital Corp. v. Cups Coal Co., Inc.*, 707 F.2d 1253, 1261 (11th Cir.1983) ('where no issue of fact remains, summary judgment decides only questions of law and does not deprive the losing party of its jury trial right')").
[2] *Transcript of July 15, 2021 Evidentiary Hearing at 87, ln. 3.*
[3] *Id. at 89, lns. 8-9.*
[4] *Id. lns. 12-14.*
[5] *Id. lns. 20-22.*
[6] *Id. at 98, lns. 8-10.*
[7] *Id. at 89-90.*
[8] *Id. at 90, lns. 11-12.*
[9] *Id. at 95, lns. 11-14.*
[10] *Id. at 96-97.*
[11] *Id. at 97, lns. 7-9.*
[12] *Id. at 99, lns.3-6.*
[13] *Id. at 99, lns.7-9.*
[14] *Id. at 90, lns.13-22.*

weather/natural conditions' or 'other causes of similar or different nature not reasonably within [DBE's] control [and] [DBE] [is] materially hampered and its normal business operations...become[] commercially impractical.'"[15]

2. "There is no credible argument that DBE was not 'materially hampered in its normal business operations' as a result of the pandemic and its restrictions on public events."[16]

3. "Under New York law, which governs the PA, notice to an agent serves as notice to a principal."[17]

4. "'[U]nder New York law, strict compliance with contractual notice provisions need not be enforced where the adversary party does not claim the absence of actual notice or prejudice by the deviation."[18]

6. The "regulations of the New York State Athletic Commission relating to contracts -- namely, § 209.9 -- . . . requires that all professional contacts with a boxer who is represented by a manager shall be through a manager."[19]

7. "[N]o prejudice resulted from DBE's failure to serve Foster personally with the July 14, 2020, force majeure notice."[20]

8. "Foster failed to notify DBE of the alleged breach of contract and provide an opportunity to cure, which he was required to do under the contract, both after the notice of the force majeure being invoked and after the communication relating to the Roman fight, which reiterated that the contract dates had changed as a result of the force majeure suspension."[21]

9. "Foster argues that the notice of breach under the PA would have been moot because DBE could not have provided the third bout within the first year contract period. But that argument is specious. If Foster had complained that notice to him through his manager was insufficient because the PA required personal service on him, DBE could have made personal service on Foster and cured the alleged breach."[22]

In light of the foregoing, Plaintiff withdraws its MTD and further submits that with respect to Plaintiff's and Defendant's competing claims for breach of contract, there is no genuine dispute of material fact. Accordingly, Plaintiff requests, pursuant Section II.B. of the Court's Individual Practices, a pre-motion conference for leave to file a motion for partial summary judgment under Rule 56.

Respectfully submitted,

/s/ John S. Wirt

John S. Wirt

cc: Rodney Drinnon, Esq.
Jason Lampert, Esq.
Amanda Gordon, Esq.
Tatiana P. Lutomski, Esq.

---

[15] *Id. at 96, lns. 9-15.*
[16] *Id. at 97, lns. 12-14.*
[17] *Id. at 97-98.*
[18] *Id. at 98, lns. 2-5.*
[19] *Id. at 98, lns. 20-24.*
[20] *Id. at 98-99.*
[21] *Id. at 99, lns. 13-18.*
[22] *Id. lns. 19-25.*