UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIBELLA ENTERTAINMENT, INC., a New York corporation,<br><br>       Plaintiff,<br><br>  - against -<br><br>O'SHAQUIE FOSTER,<br><br>       Defendant. | CASE NO. 21-cv-2709 (JGK) (DCF)<br><br>STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER |

  WHEREAS, the parties (collectively the "Parties" and individually a "Party") to the above-referenced action (hereinafter, the "Litigation") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with the Litigation; and

  WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this Litigation.

  IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this Litigation (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants will adhere to the following terms, upon pain of contempt:

  1.  With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this Litigation) that a person has designated as "Confidential" or "Highly Confidential" pursuant to this Order, no person subject to this Order

may disclose such Confidential or Highly Confidential Discovery Material to anyone else except as this Order expressly permits.

2. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

(a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, , sales reports, and sale margins);

(b) previously non-disclosed material relating to ownership or control of any non-public company;

(c) previously non-disclosed business plans, product-development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual; or

(e) any other category of information this Court subsequently affords confidential status.

3. A Producing Party may designate any Discovery Material as "Highly Confidential," under the terms of this Order if such party reasonably and in good faith believes that extraordinary circumstances exist wherein the disclosure of the Discovery Material other than as permitted pursuant to Paragraphs 8 and 9 of this Order is likely to cause immediate significant injury to the Producing Party's business or financial interests.

4. With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may

designate such portion as "Confidential" or "Highly Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

5. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential or Highly Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Highly Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 5 business days after receipt of the transcript of the deposition, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Highly Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the period following a deposition but prior to 5 days after counsel receives the transcript of the deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential or Highly Confidential.

6. The Court shall determine the procedure for use of Confidential Discovery Material at trial or hearings.

7. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8.      Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a)     the Parties to this Litigation, their insurers, and counsel to their insurers;

(b)     counsel retained specifically for this Litigation, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c)     outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d)     any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received or sent a copy;

(f)     any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this Litigation, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g)     any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this Litigation, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h)     stenographers engaged to transcribe depositions the Parties conduct in this Litigation; and

(i)     this Court, including any appellate court, its support personnel, and court reporters.

9. Highly Confidential Discovery Material, or any and all information derived therefrom, may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

(a) Counsel who have appeared in this Litigation and counsel who are providing legal advice in connection with this Litigation ("Litigation Counsel"), subject to the exception provided for in Section 10, below.

(b) Paralegals, secretaries, clerical, regular and temporary employees and service vendors of counsel who have appeared in this Litigation (including outside copying and litigation support services), who are assisting with the Litigation;

(c) Any person appearing as a witness on behalf of a Producing Party, provided that such witness is appearing on behalf of the Highly Confidential Discovery Material's Producing Party, and only to the extent necessary to conduct a deposition or seek testimony of the witness in this Litigation;

(d) Counsel, to any party listed in Paragraphs 9(c) above;

(e) The Court (including any appellate court), persons employed by the Court, and court reporters transcribing any hearing, trial or deposition in this Litigation or any appeal therefrom; and

(f) Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Discovery Material being disclosed.

10. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 8(d), 8(f), or 8(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that

he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, and be prepared to produce it upon reasonable request from opposing counsel.

11.     All third parties providing discovery in this Litigation may designate those documents as Confidential or Highly Confidential, in which case they will be treated as such under this Order. Third parties providing discovery in this Litigation who designate documents as Confidential will be subject to this Order and the jurisdiction of this Court to adjudicate all disputes regarding same[1]. Counsel for the Parties shall include a copy of this Order with any subpoena they cause to be served upon third parties in connection with this Litigation. This Paragraph does not prevent the Parties from separately seeking to designate materials produced by third parties as Confidential; nor does it prevent parties from opposing such applications, or seeking to de-designate materials produced by third parties that have been designated Confidential.

12.     Any party who wishes to file any document under seal must comply with Section 6 of Judge Koeltl's Individual Practices.

13.     The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. Any application to maintain

---

[1] If the third parties providing discovery in this litigation do not consent to the jurisdiction of this Court to adjudicate all disputes regarding same, then they will not be permitted to receive the protections provided under same.

the confidentiality of any documents or information at trial shall be made to the trial judge in advance of trial.

14. Any Party who objects to any designation of confidentiality may at any time before the trial of this Litigation serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected parties will address their dispute to this Court.

15. Recipients of Confidential or Highly Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this Litigation and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this Litigation

16. If Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any Party ("Inadvertent Production Material") is inadvertently produced to that Party or Parties (including, without limitation, Plaintiff's initial production of documents which documents shall be subject to this order), such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product or other applicable privilege or immunity or ground. In agreement with the foregoing:

(a) A claim of inadvertent production shall constitute a representation by that Producing Party that the Inadvertent Production Material has been reviewed by an attorney for such Producing Party and that there is a good faith basis for such claim of inadvertent production;

(b)     If a claim of inadvertent production is made, pursuant to this Stipulation, with respect to Discovery Material then in the custody of another Party, the Party possessing the Inadvertent Production Material shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) if requested, promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (iii) not use the Inadvertent Production Material for any purpose until further order of the Court; and

(c)     A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material; however, while such motion is pending, the Discovery Material in question shall be treated as Inadvertent Production Material, and such motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, nor /shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) that is the subject of such motion.

*absent direction from the Court,*  *DF*

17.     Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 5 days before any disclosure.  Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it

appropriate to do so.  The non-producing party shall provide reasonable cooperation if the Producing Party opposes such compulsory process.

18. Each person who has access to Discovery Material designated as Confidential or Highly Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

19. Within 60 days of the final disposition of this Litigation – including all appeals – all recipients of Confidential or Highly Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or destroy such material – including all copies thereof.  In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material.  Notwithstanding this provision, the attorneys that the Parties have specifically retained for this Litigation may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential or Highly Confidential Discovery Material.  Any such archival copies that contain or constitute Confidential or Highly Confidential Discovery Material remain subject to this Order.  This Section 19 does not bind the Court.

20. This Order will survive the termination of the Litigation and will continue to be binding upon all persons to whom Confidential or Highly Confidential Discovery Material is produced or disclosed.

21. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: August 12, 2021

Respectfully submitted,

| | |
|---|---|
| /s/ John Wirt | **MCCATHERN HOUSTON** |
| John S. Wirt, Esq. (PHV) | |
| WIRT & WIRT, P.A. | By: /s/Rodney Drinnon |
| 5 Calhoun Avenue, Unit 306 | **Rodney L. Drinnon (PHV)** |
| Destin, Florida 32541 | rdrinnon@mccathernlaw.com |
| Tel: (847) 323-4082 | **Amanda Gordon (PHV)** |
| Fax: (341) 431-6920 | agordon@mccathernlaw.com |
| mail@wirtlawfirm.com | **Tatiana P. Lutomski (PHV)** |
| | tlutomski@mccathernlaw.com |
| *Attorneys for Plaintiff* | 2000 West Loop South, Suite 1850 |
| *DiBella Entertainment, Inc.* | Houston, Texas 77027 |
| | Tel. (832) 533-8689 |
| | Fax (832) 213-4842 |
| | |
| | *Attorneys For Defendant* |
| | *O'Shaquie Foster* |

SO ORDERED.  (as modified at ¶ 16(c))

_____  Dated: 8/17/2021
Hon. Debra Freeman
United States Judge

(This resolves Dkts. 75 and 81.)

10

**EXHIBIT**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIBELLA ENTERTAINMENT, INC., a New York corporation,<br><br>      Plaintiff,<br><br>    - against -<br><br>O'SHAQUIE FOSTER,<br><br>      Defendant. | CASE NO. 21-cv-2709 (JGK) (DCF)<br><br>NON-DISCLOSURE AGREEMENT |

  I, _____, acknowledge that I have read and understand the Stipulated Confidentiality Agreement and Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:_____    Sign: _____

                       Print Name _____